**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Walter PRESSLEY;  and Salvatore
Stallone, Defendants–
Appellants.**

No. 99–6070, 99–6071.

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2001.

Before RYAN and COLE, Circuit

Judges; and MARBLEY,* District Judge.

RYAN, Circuit Judge.

The defendants, Walter Pressley and Salvatore Stallone, appeal their convictions and respective sentences for aiding and abetting wire fraud; mail fraud; conspiracy to commit wire and mail fraud; and money laundering. The principal issue in each appeal is whether the trial judge erred in failing to instruct the jury on the theory of multiple conspiracies. We conclude that he did not. We also conclude that the other issues the defendants raise are without merit, and we shall, therefore, affirm the convictions and sentences in both cases.

I.

Pressley and Stallone entered into an agreement in 1992 with Malcolm Steinwinter, a German inventor, to manufacture a "revolutionary" tractor-trailer system Steinwinter invented, in which the tractor sits underneath the trailer. The defendants' responsibility was to raise the necessary funds to finance the project. After Stallone established a corporation called American Steinwinter, Inc. (ASI), he and Pressley began selling stock in ASI to prospective investors.

During 1992 and 1993, over 200 people throughout the United States, but mostly in North Carolina, invested in ASI stock. The defendants told prospects that their money would be used to help promote, manufacture, and develop the tractor-trailer, and to fund promotional tours for the vehicle in order to attract more investors. The defendants raised over $1 million dollars from investors. Pressley contends his compensation from the sale of the stock totaled only $11,640.59. Stallone used ASI

funds to buy two Jaguars, one Porsche, and one BMW; to pay off a $15,000 settlement in a child support case; to pay for a vacation residence in Panama City, Florida; and to purchase boats totaling approximately $23,000.

The government does not dispute the defendants' claim that they had a disagreement in 1993, after which Stallone fired Pressley. After that, Pressley filed a lawsuit against Stallone to gain possession of the prototype Steinwinter truck. However, as early as June 1994, Pressley and Stallone acting together, were again soliciting funds to promote the Steinwinter truck, this time in New Mexico. An FBI investigation eventually led to the defendants' indictment.

Pressley and Stallone initially were charged in a 13–count indictment with aiding and abetting wire fraud; mail fraud; and conspiracy to commit wire and mail fraud. Superseding indictments were returned during the course of the case, ending with the fourth and final superseding indictment on February 19, 1998, charging the defendants with offenses detailed in 19 counts. Motions to sever the defendants for trial were denied, and after a trial lasting almost five weeks with nearly 100 witnesses, both defendants were convicted.

Pressley was sentenced to a total of 87 months' confinement, and Stallone, to a total of 63 months' confinement. Each defendant was ordered to pay $681,002.73 in restitution.

Both defendants filed appeals.

II.

Pressley and Stallone each now claim, for the first time, that the district court

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

erred in failing to instruct the jury on the defendants' theory of multiple conspiracies. Both defendants concede that the standard of review for the issue is plain error because trial counsel did not request a multiple conspiracies instruction and did not object when none was given. Specifically, the defendants now argue that their agreements to solicit investors in North Carolina, and later, other investors in New Mexico, were separate and distinct conspiracies.

During the jury charge conference, the district court asked the attorneys for the defendants whether they were requesting the jury be charged on the question of separate or multiple conspiracies. In response, Pressley's attorney, after consulting with Stallone's attorney, told the judge:

> I don't think there will be any argument about there being two conspiracies. It looks like we would have to probably get into at least making it appear we were in more than one. I don't think we will get into that.

The trial judge advised counsel that if their clients' positions changed, they should submit a proposed jury charge; neither did so.

Generally a party's failure to timely raise an issue operates as a waiver of that issue in subsequent proceedings. *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Where an indictment alleges one conspiracy, as in this case, a defendant can prevail on appeal by showing that the "evidence can reasonably be construed *only* as supporting a finding of multiple conspiracies, [and] the resulting variance between the indictment and the proof [was] reversible error," prejudicing the defendant. *United States v. Warner,* 690 F.2d 545, 548–49 (6th Cir.1982) (emphasis added).

■ This court *may* order a reversal if it concludes that the district court plainly erred in its decision not to give the multiple conspiracies instruction because the defendants' substantial rights were prejudicially affected. However, this court's authority to correct plain errors is permissive, not mandatory. *Olano,* 507 U.S. at 735–36, 113 S.Ct. 1770. In *Johnson v. United States,* 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), the Supreme Court held that the following elements are necessary to establish plain error: (1) there was an error; (2) the error must be plain; (3) the error must affect the defendants' substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See id.* at 467, 117 S.Ct. 1544.

Because the defendants' counsel expressly declined to have the issue of multiple conspiracies presented to the jury, and because we are satisfied that the evidence cannot reasonably be construed as supporting *only* a finding of multiple conspiracies, we decline to review the alleged error.

### III.

The defendants also argue that the evidence was insufficient to support their convictions for money laundering. The money laundering statute, 18 U.S.C. § 1956, provides in pertinent part:

> (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—
>
> (A)(i) with the intent to promote the carrying on of specified unlawful activity.

18 U.S.C. § 1956. Specifically, the defendants claim that the evidence showed only

that the money received from investors was used for office upkeep and supplies, and not "to promote" an illegal activity or otherwise to perpetuate a fraud.

■ We review the jury's finding on this issue in a "light most favorable to the prosecution" in order to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We conclude that there was sufficient evidence to support the money laundering convictions because the defendants knowingly deposited proceeds from the investors into bank accounts and expended those proceeds on various items, including an office from which their efforts to promote their fraudulent scheme were conducted.

## IV.

Pressley argues that the district court erred in failing to instruct the jury on the issue of his withdrawal from the conspiracy. As with the multiple conspiracies issue, Pressley acknowledges that his attorney advised the trial court that he did not intend to argue that Pressley was involved in the conspiracy and then withdrew. Again, according to Pressley, this court should find that the district court's omission of the instruction constituted plain error, thus entitling him to a new trial.

As stated previously, this court has authority to correct plain errors, but is under no obligation to do so. *Olano,* 507 U.S. at 734, 113 S.Ct. 1770. Because Pressley's counsel expressly waived this issue, we again decline to review the alleged error.

## V.

Stallone contends that the district court erroneously admitted statements made by his coconspirator, Pressley, under what Stallone calls the "coconspirator exception" to the hearsay rule. Fed.R.Evid. 801(d)(2)(E). Under *General Electric Co. v. Joiner,* 522 U.S. 136, 141, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997), this court must review the district court's hearsay evidentiary ruling under an abuse of discretion standard.

Federal Rule of Evidence 801(d)(2)(E) excludes from the definition of hearsay a statement that is "offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." The trial court may admit such a statement in evidence under Fed.R.Evid. 801(d)(2)(E) if it finds, by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the defendant was a member of the conspiracy; and (3) that the coconspirator's statements were made in the course of and in furtherance of the conspiracy. *United States v. Mack,* 159 F.3d 208, 215 (6th Cir.1998). The district court may admit the challenged statements subject to the condition that the government later demonstrate that the requirements of the rule have been met. *See United States v. Barrett,* 933 F.2d 355, 358 (6th Cir.1991).

■ The district court did not abuse its discretion in admitting Pressley's statements against Stallone. In his brief, Stallone argues only that the district court erred in admitting the statements because there "was not sufficient proof of a conspiracy" in the first place. Because we conclude that there was abundant evidence supporting the district court's preliminary finding of fact that a conspiracy existed, we hold that Pressley's statements, which related to the business venture with Stallone, were properly admitted under Fed.R.Evid. 801(d)(2)(E).

## VI.

Finally, Stallone argues that there was insufficient evidence to support his convic-

tions for mail and wire fraud, and conspiracy. As stated before, this court must find that the evidence was sufficient if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781.

■ After reviewing the evidence, we are satisfied that this assignment of error is wholly meritless. There is abundant evidence of Stallone's guilt of all of the offenses for which he was convicted. Stallone made many false statements to investors, especially relating to the truck's specifications and the price of the ASI stock. There was ample evidence that the money from investors was used to perpetuate a fraud and that Pressley and Stallone conspired to perpetuate it.

### VII.

Accordingly, we AFFIRM the district court's judgment in these cases.